```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    vs.                                                    2:20-cr-087(4)
                                                           JUDGE MICHAEL H. WATSON

**JASMINE DUARTE**

## REPORT AND RECOMMENDATION

Defendant Jasmine Duarte previously pleaded not guilty to a *Superseding Indictment* charging her with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 7), and three counts of money laundering in violation of 18 U.S.C. § 1956(a) (Counts 8, 9, and 10). *Superseding Indictment*, ECF No. 67. The *Superseding Indictment* also contains a forfeiture provision directed to this Defendant. *Id.* The United States and Defendant thereafter entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Count 7.[1]  On August 17, 2022, Defendant, assisted by her counsel, participated in a change of plea proceeding.

    After being advised of her right to appear personally and with her counsel and after consulting with her counsel, Defendant consented to appear by videoconference.

    Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25

---

[1] Under the *Plea Agreement,* ECF No. 160, Defendant agreed to a forfeiture of proceeds. The *Plea Agreement* also includes an appellate waiver provision that preserves only certain claims for appeal or collateral challenge.

1

Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty plea, Defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed Defendant personally and in open court and determined her competence to plead.  Based on the observations of the undersigned, Defendant understands the nature and meaning of the charges against her in the *Superseding Indictment* and the consequences of her plea of guilty to Count 7.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary.  Defendant acknowledged that the plea agreement signed by her, her attorney and the attorney for the United States and filed on August 1, 2022, represents the only promises made by anyone regarding the charges against her in the *Superseding Indictment*.  Defendant was advised that the District Judge may accept or reject the plea agreement and will determine all sentencing terms. Defendant was further advised that, even if the District Judge refuses to accept any provision of the plea agreement not binding on the Court or if the District Judge imposes a sentence more severe than the sentence that Defendant expected, Defendant may nevertheless not withdraw her guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*.  She

2

confirmed that she is pleading guilty to Count 7 of the *Superseding Indictment* because she is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to Count 7 of the *Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that Defendant's guilty plea to Count 7 of the *Superseding Indictment* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by Defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; Defendant's attorney may be present if Defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*

*See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

| | |
|---|---|
| August 17, 2022 |    *s/ Norah McCann King* |
| Date | Norah McCann King |
| | United States Magistrate Judge |